John J. Gillen, Adm'r.
vs.
Catherine Gillen et al

Eq. No. 9488.

March 30, 1931.

BLODGETT, P. J. Heard upon bill, answer and proof.

The prayer of the bill is that respondents Catherine Gillen and Thomas J. Gillen be declared trustees of the proceeds of three bank accounts showing deposits in three savings banks, for the benefit of the heirs of John F. Gillen.

John F. Gillen in his lifetime had deposits in the savings banks amounting to over $7,000 and kept the books representing said deposits in a tin box. Catherine Gillen, his daughter, lived with him and acted as housekeeper. June 9, 1928, said Catherine Gillen obtained possession of the three bank books and had the accounts transferred to her own name.

John F. Gillen deceased October 15, 1929, leaving no will and eight living children, and his death was caused by cancer.

In March, 1929, said John F. Gillen asked his daughter Catherine to bring to him the bank books, he being then an invalid and confined to his bed. It is claimed that he then for the first time discovered that the books had been taken and the accounts therein transferred to his daughter Catherine.

John F. Gillen then consulted an attorney and a bill in equity was filed March 20, 1929, for the recovery of the accounts in question. This bill, after the death of said Gillen, was amended and the present hearing is upon the amended bill and answer.

Catherine Gillen left her father's house in March, 1929, and did not live with him again up to the time of his death.

On September 24, 1929, James J. McCabe, a Standing Master in Chancery, took the deposition of said John F. Gillen under authority of an order duly issued in said original cause, and said Catherine Gillen was represented by counsel at the taking of the same. At the hearing upon the amended bill this deposition was admitted in evidence. In this deposition said John F. Gillen denied that he had asked his daughter Catherine to bring these books to him

for transfer or that he had any memory of having made such a transfer; that at the time he was weak and suffering and did not know what he was doing; that he had executed a will leaving his estate share and share alike to all his children and that when he discovered the books were missing he found this will also missing.

Catherine Gillen, examined by counsel for the complainant, testified that she had drawn the money from the several banks, after the transfer of the same to her own name, shortly after such transfer, and to use her own words had "gone through it." She could only remember a fur coat she had bought and a few dresses and so forth. It afterwards appeared that this fur coat had been purchased and given to her by her father before his death. Within a comparatively short period she had spent over $7000 without any memory as to what became of it.

Such testimony is unbelievable and stamps all her testimony as unreliable.

In June, 1929, she married and is not now living with her husband.

There is no positive denial of the testimony contained in the deposition and the Court feels the complainant has sustained the burden of proof as to said Catherine Gillen, now Catherine Perry, and that a decree may be entered in accordance with the prayer of said bill against her.

In the amended bill Thomas J. Gillen, a son of deceased, and his wife, Lena, have been joined as parties respondent, Thomas upon the ground that he aided and abetted his sister Catherine in obtaining the transfer of said accounts, and Lena upon the ground that a certain part of said money was used in the repair and improvement of certain real estate belonging to said Thomas and subsequently transferred to his wife Lena.

In August, 1929, said Thomas did make some fairly large expenditures upon his real estate, and admitted he

had borrowed from his sister some $3000 before August, 1929, and shortly after the proceeds from these bank accounts came into the hands of Catherine, but claims to have repaid her the amount borrowed and produced a receipt for the same signed by her.

While his testimony and appearance upon the witness stand was not wholly satisfactory, yet the Court is of the opinion that the record only disclosed a suspicion that some of this money was used in the improvements upon the real estate and that the complainant has not met the burden of proof required.

Bill may be dismissed as to Thomas J. Gillen and Lena Gillen.

For complainant: Edward M. Sullivan.

For respondents: Peter W. McKiernan, F. J. Barton, J. J. Cosgrove.